UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CAROL LUEVANO, | No. ED CV 08-00623-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner.  The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1.   Whether the Administrative Law Judge ("ALJ") considered the

State Agency physician's opinion regarding her functional limitations;

2.   Whether the ALJ considered the actual physical and mental demands of Plaintiff's past relevant work ("PRW");

3.   Whether the ALJ properly considered lay witness testimony; and

4.   Whether the ALJ properly considered the side effects of Plaintiff's medications.

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ DID NOT COMMIT ERROR IN HIS CONSIDERATION OF THE STATE AGENCY PHYSICIAN'S OPINIONS REGARDING PLAINTIFF'S FUNCTIONAL ABILITIES AND LIMITATIONS**

In her first issue, Plaintiff asserts that the ALJ failed to consider the report of State Agency physician Dr. Rose that Plaintiff cannot balance, and can only occasionally climb ramps and stairs, stoop, kneel, crouch and crawl. (JS at 3, citing AR at 420.)

Plaintiff was also examined by Dr. Sabourin, an orthopedic consultative examiner ("CE"), who saw Plaintiff on December 13, 2005 at the request of the Department of Social Services. (AR 426-430.) Based on that examination, Dr. Sabourin assessed that, "From a prophylactic viewpoint, I do not feel she should lift or carry more than 20 pounds occasionally and ten pounds frequently.  She can stand and walk up to six hours of an eight-hour work day and sit for six hours of an eight-hour work day.  She can climb, stoop, kneel and

crouch only occasionally.  She has no manipulative limitations.  Her push and pull limitations are the same as the lift and carry limitations." (AR 430.)

These assessments of Plaintiff's residual functional capacity ("RFC") are consistent with the capability of performing light work. (See SSR 83-10 for definition of light work.)  Moreover, Plaintiff's own description of her past relevant work as a florist in a flower shop encompassed standing and walking four hours each, and sitting for one hour, climbing for one hour, no stooping, kneeling, crouching or crawling, two hours of handling, grabbing or grasping big objects, one hour of reaching, and one hour of writing, typing, or handling small objects.  She indicated the heaviest weight she lifted was 20 pounds.[1] (AR 105-106.)

The ALJ gave great weight to the opinion of the CE, finding his conclusions to be consistent with the objective medical records and giving Plaintiff every benefit of the doubt. (AR 23.)  He therefore concluded that Plaintiff has the RFC to perform a full range of light work. (AR 20.)

Plaintiff's argument regarding the alleged disregard by the ALJ of the State Agency physician's opinions is itself somewhat perplexing, because the RFC assessment of that physician was not inconsistent with that of the CE, which the ALJ adopted.  Finally, the "occasional" limitations in some functional abilities, such as climbing and balancing, stooping, kneeling, crouching and crawling have minimal if any effect in terms of limiting the occupational base. (See SSR 85-15.)

---

[1] She also indicated that she frequently lifted 25 pounds. This would appear to be an error.

1    Consequently, the Court finds no merit in Plaintiff's first

2    issue.

3         Connected with her first issue is Plaintiff's second issue, in

4    which she asserts that the ALJ failed to properly consider the actual

5    physical and mental demands of her PRW.  As noted, her PRW is as a

6    florist, and she herself described the actual physical and mental

7    demands of that job in her Work History Report, as previously noted by

8    the Court. (<u>See</u> AR 105-106.)  Plaintiff complains that while the ALJ

9    found that she is capable of performing this PRW, he failed to assess

10   its functional requirements, and thus committed error.  Here, there is

11   no mystery as to the functional requirements of Plaintiff's past work

12   as she actually performed it, as Plaintiff herself filled in those

13   blanks.  Moreover, the functional demands for Plaintiff's PRW do not

14   exceed her capability for light work.  Again, the Court fails to see

15   where the error lies.

16

17                                    II

18            **THE ALJ DID NOT FAIL TO CONSIDER LAY WITNESS TESTIMONY**

19        Plaintiff here contends that the ALJ failed to consider a

20   Functional Report Adult Third Party of February 21, 2006 completed by

21   Mr. Raymond, Plaintiff's live-in boyfriend. (JS at 10, AR 72-79.)

22   This is factually incorrect, in that the ALJ's Decision specifically

23   discusses Mr. Raymond's assessments. (AR 21.)  The ALJ discounted them

24   for the same reason that he discounted Plaintiff's own reporting of

25   her functional ability; that her complaints of pain are exaggerated

26   and are far out of proportion to the diagnostic and clinical test

27   results, in addition to other noted self-reports which belie the

28   contents of the record. (AR 20-21.)  Therefore, if Plaintiff's issue

                                     4

is the failure to consider Mr. Raymond's opinions, it is without merit.  If, on the other hand, Plaintiff is contending that the ALJ provided inadequate reasons to discount Mr. Raymond's opinion, then for the reasons to be set forth, this is also a meritless issue.[2] Curiously, Plaintiff does not assert that the ALJ committed any error with regard to his assessment of her own depreciated credibility, despite the fact that the ALJ provided the same rationale to address the credibility of the report by Plaintiff's boyfriend, Mr. Raymond. And, as the Commissioner notes, Mr. Raymond's assessments were simply cumulative of Plaintiff's own statements.

    Mr. Raymond's assessment of Plaintiff's functional ability encompasses his view that Plaintiff mostly sleeps; is largely unable to perform any household chores; cannot take care of her daily needs, such as showering, without help; is unable to lift pots; cannot bend or reach for things; and cannot push a vacuum cleaner.  Despite this highly extreme description of severe functional limitations, Plaintiff did not assert such limitations during her visits to treating physicians.  Indeed, in certain respects, Mr. Raymond depreciates Plaintiff's functional abilities more than she does herself.  As to her own hygiene, for example, while Mr. Raymond indicates that he must assist Plaintiff in showering and even using the toilet, Plaintiff reported to Dr. Abejuela, a psychiatrist, during a psychiatric evaluation ("CE") on June 15, 2006, that she is able to take care of

---

        [2]    While the Commissioner cites assertedly conflicting Ninth Circuit cases regarding the obligation or lack of obligation of an ALJ to discuss lay witness opinions, the underlying fact is that the regulations consider such evidence to be relevant, and all relevant evidence which bears on the finding of disability should be addressed by the ALJ in his decision.

her own hygiene and grooming without assistance.  She described her activities of daily living as including "praying, cooking, doing my physical therapy, walking, going outside in garden, listening to music." (AR 202.)  This is clearly inconsistent with Mr. Raymond's evaluation of Plaintiff as basically bedridden.

For the foregoing reasons, the Court finds no merit in Plaintiff's third issue.


**III**

**THE ALJ DID NOT FAIL TO PROPERLY CONSIDER**

**SIDE EFFECTS OF MEDICATIONS**

Plaintiff's final issue is that the ALJ failed to account for her own self-reported side effects of medications which, she asserts, often make her feel sleepy, tired and lethargic. (AR 14.)

While Plaintiff asserted side effects (primarily sleepiness) from some of her medications in her Social Security documents (see, e.g., AR 92, 103, 119), what is absent from the record are indications that she brought any such complaints to the attention of her medical professionals.  Plaintiff points out a Clinic Progress Note from Riverside County Regional Medical Center of February 28, 2008 in which there is a report of feeling tired (JS 14, AR 162), but this isolated note is tied to a complaint of eyestrain.  Aside from that one isolated note, the record is bereft of any objective medical evidence of such asserted side effects.  To this extent, the record is inadequate to support Plaintiff's issue.  See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

//

//

1     The decision of the ALJ will be affirmed.  The Complaint will be
2  dismissed with prejudice.
3       **IT IS SO ORDERED**.
4
5  DATED: February 3, 2009             /s/
6                                 VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28